IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEWAYNE MOORE *also known as* | ) | |
| JAMES BROOKS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 14-1709 |
| | ) | Chief Magistrate Judge Maureen P. Kelly |
| JOHN E. WETZEL *Secretary of* | ) | |
| *Department of Correction*; LOUIS | ) | |
| FOLINO *SUPERINTENDENT OF SCI* | ) | |
| *GREENE*; LORINDA WINFIELD *DSFM*; | ) | |
| WALLACE LEGGETT *Major of unit* | ) | |
| *Management*; JEFFERY ROGERS *CCPM*; | ) | |
| DORINA VARNER *Chief Grievance* | ) | Re: ECF No. 26 |
| *Officer*, | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

**Kelly, Chief Magistrate Judge**

Plaintiff DeWayne Moore ("Plaintiff") is an inmate in the custody of the Pennsylvania

Department of Corrections ("DOC"), and is currently incarcerated at the State Correctional

Institution ("SCI") at Somerset. Plaintiff brings this civil rights action alleging that, while he

was incarcerated at SCI Greene, Defendants John E. Wetzel ("Wetzel"), Louis Folino ("Folino"),

Lorinda Winfield ("Winfield"), Wallace Leggett ("Leggett"), Jeffrey Rogers ("Rogers"), and

Dorina Varner ("Varner"), failed to protect him in violation of his rights provided by the Eighth

Amendment to the United States Constitution.[1]

---

[1] Although Plaintiff states in the Complaint that Defendants' actions also ran afoul of the Fourth and Fourteenth
Amendments to the Constitution, he has not alleged any facts in the Complaint that would implicate the rights that
those amendments were designed to protect. See ECF No. 3, ¶ 3. See also Bennett ex rel. Irvine v. City of
Philadelphia, 2006 WL 1371189, at *10 (E.D. Pa. May 17, 2006), *aff'd*, 499 F.3d 281 (3d Cir. 2007), *quoting*
Bowers v. DeVito, 686 F.2d 616, 618 (7th Cir.1982) ("there is no constitutional right to be protected by the state
against being murdered by criminals or madmen. It is monstrous if the state fails to protect its residents against such
predators but it does not violate the due process clause of the Fourteenth Amendment....").

Presently before the Court is a Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), submitted on behalf of Defendants. ECF No. 26. For the reasons that follow, the Motion will be granted.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

Although not a model of clarity, it appears from the Complaint that Plaintiff attended a Program Review Committee meeting ("PRC") on December 26, 2012, before Defendants Winfield, Leggett and Rogers. ECF No. 3, p. 2, ¶ B; ECF No. 3-1, p.1. In response to an inquiry as to whether Plaintiff had any concerns, Plaintiff apparently complained that he was being called a child molester. Id. According to Plaintiff, Defendant Rogers then called Plaintiff a child molester and a rat in a loud voice, knowing that the door was open and that there were inmates in the hall waiting to be seen by the PRC. ECF No. 3, p. 2, ¶ B. When Plaintiff asked for proof that he was a child molester and "what authority they were using to talk about these things that were not already a matter [of] public knowledge," Plaintiff claims that "they" subsequently got even madder and "wrote down the same despicable lies and put it in [his] file so every person that picked up that file would see that it said that [Plaintiff] raped a 12 year old white girl." Id. Plaintiff alleges that because "the staff is 95% white," he now has "every white man in the prison just about beating [him]." Id.

Plaintiff nevertheless contends that at some point after the PRC meeting, "the security staff came to see [him] to set up two guards." Id. According to the Complaint, despite the fact that Plaintiff said "no," "they kept coming back." Id. Plaintiff consequently "snapped out on them" which, in turn, caused "them" to verbally attack Plaintiff calling him a child molester and a rat. Id.

Plaintiff contends that in addition to Defendants Winfield, Leggett and Rogers, Defendants Wetzel and Folino also knew that correction officers were calling him a child molester and a rat but did nothing to stop it. ECF No. 3, pp. 3-4, ¶¶ 1-5.

Plaintiff submitted a Complaint on December 18, 2014, along with a Motion for Leave to Proceed *in forma pauperis*. ECF No. 1. Plaintiff was granted *in forma pauperis* status on December 29, 2014, and the Complaint was filed on that same date. ECF Nos. 2, 3. On March 16, 2015, Defendants filed the instant Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), to which Plaintiff filed a Response in Opposition on March 30, 2015. ECF Nos. 26, 33. Accordingly, Defendants' Motion to Dismiss is ripe for review.

## II.     STANDARD OF REVIEW

In assessing the sufficiency of the complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The Court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint. See California Public Employees' Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), *citing* Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id., *citing* Papasan v. Allain, 478 U.S. 265, 286 (1986). Indeed, the United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face," id. at 570, or where the factual content does not

allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels, conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice but, rather, the complaint "must allege facts suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim").

Further, although it is well settled that *pro se* pleadings are to be construed more liberally than those submitted by counsel, see Haines v. Kerner, 404 U.S. 519, 520 (1972), *pro se* litigants are not relieved of their obligation to set forth sufficient facts to state a legally cognizable claim. See Banks v. Cnty. of Allegheny, 568 F. Supp. 2d 579, 583 (W.D. Pa. 2008), *quoting* Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir. 1974) ("[w]here a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints."); McCauley v. Computer Aid Inc., 447 F. Supp. 2d 469, 476 (E.D. Pa. 2006), *aff'd*, 242 F. App'x 810 (3d Cir. 2007) (finding that even under the liberal pleading standard assigned to pro se litigants, plaintiff had failed to allege sufficient facts to support a claim of conspiracy).

## III.    DISCUSSION

Although Plaintiff does not specifically mention the Civil Rights Act in his Complaint, he nevertheless seeks to vindicate his rights provided by the United States Constitution and thus necessarily seeks to invoke the Court's jurisdiction pursuant to 42 U.S.C. § 1983 ("Section 1983"). See Kaucher v. Cnty. of Bucks, 455 F.3d 418, 423 (3d Cir. 2006), *citing* Baker v. McCollan, 443 U.S. 137, 145 n. 3 (1979) ("Section 1983 provides remedies for deprivations of

rights established in the Constitution or federal laws. It does not, by its own terms, create

substantive rights") (footnote omitted); <u>Arpin v. Santa Clara Valley Transp. Agency</u>, 261 F.3d

912, 925 (9th Cir. 2001) ("a litigant complaining of a violation of a constitutional right does not

have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. §

1983"). <u>See</u> <u>also</u> <u>Sowemimo v. Thomas</u>, 2009 WL 3806737, at *4 (W.D. Pa. Nov. 13, 2009).

Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation,
> custom, or usage, of any State or Territory or the District of Columbia,
> subjects, or causes to be subjected, any citizen of the United States or other
> person within the jurisdiction thereof to the deprivation of any rights,
> privileges, or immunities secured by the Constitution and laws, shall be
> liable to the party injured in an action at law, suit in equity, or other proper
> proceeding for redress . . . .

42 U.S.C. § 1983. Thus, in order to state a claim for relief under Section 1983, the plaintiff must

allege facts from which it could be inferred that "the defendant, acting under color of state law,

deprived him or her of a right secured by the Constitution or the laws of the United States." <u>Id.</u>

at 423. Here, as already discussed, Plaintiff claims that Defendants violated his rights provided

by the Eighth Amendment to the Constitution.

It is well established that included within the Eighth Amendment's ambit is a duty upon

prison officials to "protect prisoners from violence at the hands of other prisoners," and that the

prison official's conduct is measured against the well-known standard of "deliberate

indifference." <u>Farmer v. Brennan</u>, 511 U.S. 825, 833 (1994). <u>See</u> <u>Jones v. Day</u>, 2007 WL

30195, at *3 (W.D. Pa. Jan. 4, 2007).[2] Deliberate indifference requires consciousness of a risk to

an inmates health or safety; that is, the official must be "subjectively aware of the risk." <u>Farmer</u>

---

[2] Although the vast majority of failure to protect cases deal with a correctional officer showing deliberate
indifference to a known harm from another inmate, the standard has been found to apply to a similar showing of
indifference to a known harm to an inmate from a correctional officer as has been alleged here. <u>See</u> <u>Dickens v.</u>
<u>Taylor</u>, 671 F. Supp. 2d 542, 554 (D. Del. 2009).

v. Brennan, 511 U.S. at 833-847. Thus, in order to succeed on a failure to protect claim under the Eighth Amendment, a prisoner must show that: (1) he was incarcerated under conditions posing a substantial risk of serious harm; (2) the defendant was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists;" (3) the defendant actually drew this inference; and (4) the defendant deliberately disregarded the apparent risk. Id. at 834-37. See Jones v. Day, 2007 WL 30195, at *3 ("[i]t is not an objective test for deliberate indifference; rather, the court must look to what the prison official actually knew, rather than what a reasonable official in his position should have known"). See also Jones v. Beard, 145 F. App'x 743, 745 (3d Cir. 2005); Schaffer v. Wilson, 2007 WL 589023, at *3-4 (W.D. Pa. Feb. 20, 2007).

Further, it is well established that labeling an inmate a snitch or a child molester "may give rise to an Eighth Amendment violation if the prison official acted with deliberate indifference to a substantial risk of serious harm to the inmate." Tabb v. Hannah, 2012 WL 3113856, at *6 (M.D. Pa. July 30, 2012). See Nadal v. Christie, 2014 WL 2812164, at *9 (D.N.J. June 23, 2014), citing Renchenski v. Williams, 622 F.3d 315, 326 (3d Cir. 2010) ("[c]ourts have stated that labeling a prisoner a child molester in front of other inmates can lead to a substantial risk of serious harm to the prisoner"); Northington v. Jackson, 973 F.2d 1518, 1525 (10th Cir. 1992) (reversing the district court's ruling granting a Rule 12(b)(6) motion when the officer was alleged to have labeled the inmate as a snitch in order to incite other prisoners to beat the inmate); Miller v. Leathers, 913 F.2d 1085, 1088 n.* (4th Cir. 1990) ("[i]t is impossible to minimize the possible consequences to a prisoner of being labeled a snitch"); Hendrickson v. Emergency Med. Services, 1996 WL 472418, at *5 (E.D. Pa. Aug. 20, 1996)(denying defendants' motion for summary judgment because of factual issue as to whether a guard call a

prisoner a snitch in front of other inmates); <u>Blizzard v. Hastings</u>, 886 F. Supp. 405, 410 (D. Del. 1995) (being labeled a snitch "can put a prisoner at risk of being injured").

In this case, notwithstanding Plaintiff's assertions that corrections officers called him a child molester and a rat, Plaintiff has failed to plead sufficient facts from which it could be inferred that Defendants were deliberately indifferent to a known risk to Plaintiff's safety. First, Plaintiff has not alleged any facts to support his assertion that he was being called a child molester or a rat prior to or after the PRC meeting on December 26, 2014. Not only has Plaintiff failed to identify any correction officer or other staff member who labeled him a child molester and/or rat, but the Complaint is completely devoid of any facts regarding when the alleged accusations were made, where they were made, or who was privy to them. <u>See</u> <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207-08 (3d Cir. 1988) ("[a] defendant in a civil rights action must have personal involvement in the alleged wrongs .... [which] can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity" such as stating time, place and persons responsible). Nor has Plaintiff alleged that he received any threats or suffered any harm from other inmates as a result of the labelling or that he informed Defendants of any such threats or harm. <u>See</u> <u>Tabb v. Hannah</u>, 2012 WL 3113856, at *6 (finding that the plaintiff had failed to state a claim where there was nothing in the Amended Complaint to suggest that the defendants were aware of any specific inmate threatening the plaintiff or posing a risk to his safety). <u>See also</u> <u>Hudson v. Kennedy</u>, 2013 WL 4778700, at *10 (W.D. Pa. Sept. 5, 2013) ("the fear of assault has been held to be insufficient to state a cognizable Eighth Amendment failure to protect claim"). Absent such facts, the Court cannot reasonably infer that

Defendants acted with deliberate indifference to a perceived risk of serious harm to Plaintiff's safety.

Second, to the extent that Plaintiff claims Defendant Rogers called him a child molester and rat in a loud voice during the PRC meeting with other inmates within hearing distance, Plaintiff has not identified any inmates who were outside in the hallway or any that overheard the discussion; nor has he alleged that there were any negative repercussions as a result. See Rode v. Dellarciprete, 845 F.2d at 1207-08. Moreover, Plaintiff has failed to allege any facts to suggest that Rogers, even speaking in a loud voice, was subjectively aware that a substantial risk of harm existed by referring to Plaintiff as a child molester and a rat during the PRC meeting and nevertheless disregarded that risk. Indeed, it is not without significance that Winfield, Leggett and Rogers were discussing the concerns that Plaintiff himself raised during the PRC meeting. Plaintiff therefore has failed to alleged sufficient facts to state a deliberate indifference claim against Rogers.

Third, although Plaintiff alleges that "the lies" were written down and placed in his file "so that every person who picked up the file would see that it said that [Plaintiff] raped a 12 year old white girl," Plaintiff does not specifically state who wrote "the lies," what file they were placed in, or, most importantly, who had access to the file. Presumably, any file maintained by the prison staff would not be privy to any inmate and thus could not have created the risk of harm by other inmates. Moreover, it is clear from the Complaint that Plaintiff was housed in the Restrictive Housing Unit ("RHU") and thus did not have any contact with other inmates. See Tabb v. Hannah, 2014 WL 820092, at *3 (M.D. Pa. Mar. 3, 20014) (finding that the plaintiff was unable to succeed on a failure to protect claim, in part, because he was housed in the RHU and not the general population).

Fourth, insofar as Plaintiff suggests that it was the staff at SCI Greene that caused him harm, (see ECF No. 3, p. 2: "the staff was 95% white so now I got every white man in the prison just about beating me"), he has not alleged any facts to support his claim. Plaintiff has not identified what staff members allegedly assaulted him, when he was allegedly assaulted, or where. See Rode v. Dellarciprete, 845 F.2d at 1207-08. Moreover, although Plaintiff alleges that Defendants were aware that he was being called a child molester and a rat, he does not alleged that he told any of the Defendants that he had been assaulted as a result or that Defendants were otherwise aware of the alleged assaults. See Miller v. Coning, 2014 WL 3896605, at *1 (D. Del. Aug. 7, 2014) (expressing doubt that the plaintiff's speculation that the defendants were made aware of "the incidents" and the "snitch label" would suffice to establish deliberate indifference to the plaintiff's safety). Under these circumstances, the Court is unable to infer, absent pure speculation, that Defendants were deliberately indifferent to a substantial risk of serious harm.[3]

Fifth, and perhaps most important, Plaintiff has acknowledged in the Complaint that shortly after the PRC meeting security staff was sent to Plaintiff's cell to investigate Plaintiff's concerns and "set up two guards." ECF No. 3: p. 2, ¶ B; p. 3, ¶ 4. These facts seemingly preclude a finding that Defendants Winfield, Leggett or Rogers were deliberately indifferent to Plaintiff's safety. See Tabb v. Hannah, 2014 WL 820092, at *3 (finding that the plaintiff was

---

[3] This is equally true with respect to Defendants Wetzel and Folino. Although Plaintiff alleges that he wrote to Wetzel on more than one occasion informing him of Plaintiff's "treatment," and that Folino also had knowledge of his complaints, Plaintiff has not alleged any facts to suggest that either Wetzel or Folino were aware of facts from which it could be inferred that a substantial risk of serious harm existed or that they actually drew the inference and disregarded the apparent risk. It should also be noted here that Plaintiff has not alleged any facts in the Complaint suggesting that Defendant Varner violated his constitutional rights. The extent of Plaintiff's assertions against Varner is that he wrote and told Varner that there was an "inherent problem getting grievances from restricted housing unit to central office" and that Varner dismissed Plaintiff's grievance saying it was not grievable. ECF No. 3, p. 4, ¶ 6. It is well established, however, that "[p]risoners do not have a constitutional right to prison grievance procedures. . . [n]or do they have a liberty interest protected by the due process clause in the grievance procedures." Fears v. Beard, 532 F. App'x 78, 81 (3d Cir. 2013). As such, Defendants' Motion to Dismiss is properly granted as to Varner.

unable to succeed on a failure to protect claim where the prison officials conducted an investigation). Plaintiff therefore has failed to state a claim for failure to protect under the Eighth Amendment.

## IV. CONCLUSION

For the foregoing reasons, the Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12 (b)(6), submitted on behalf of Defendants, ECF No. 26, is properly granted. The United States Court of Appeals for the Third Circuit, however, has held that when dismissing a civil rights case for failure to state a claim, a court must give the plaintiff an opportunity to amend the complaint, whether or not the plaintiff has asked to do so, unless it would be inequitable or futile. See Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007), *citing* Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). At this juncture, the Court cannot say that allowing Plaintiff to file an Amended Complaint would fall into either category. Accordingly, the following Order is entered:

### **ORDER**

AND NOW, this 13th day of November, 2015, upon consideration of Defendants' Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12 (b)(6), and Plaintiff's Opposition to Motion to Dismiss, IT IS HEREBY ORDERED that Defendants' Motion, ECF No. 26, is GRANTED. IT IS FURTHER ORDERED that Plaintiff has twenty days from the date of this Order, or until December 3, 2015, to file an Amended Complaint solely to correct the deficiencies in the Complaint cited above.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if Plaintiff wishes to appeal from this Order he must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

BT THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc:     Dewayne Moore
        AS-1245
        SCI Somerset
        1600 Walters Mill Road
        Somerset, PA 15510

        All counsel of record via CM/ECF